# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |
|---|---|
| **TERRENCE L. FRANCIS,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00307 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WARDEN OF USP LEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Terrence L. Francis, Pro Se Petitioner; Justin Lugar, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Respondent.*

Terrence L. Francis, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  He contends that he has earned sentence credit under the First Step Act of 2018 (FSA), but no such credit has been applied toward reducing his term of incarceration.  After review of the record, I conclude that the respondent is entitled to summary judgment.

I.

When Francis filed this § 2241 petition in June 2022, he was serving a 24-month sentence for violating conditions of his supervised release imposed as part of

---

[1] The record indicates that when Francis filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee (USP Lee), located within this judicial district.

his sentence for a prior conviction for conspiracy to commit access device fraud. He entered the Federal Bureau of Prisons (BOP) in May 2017 from state custody, and according to BOP documentation in the record, his federal sentence commenced on October 20, 2021. Francis contends that under the FSA, his "productive activities and classes have caused him to earn and accumulate 660 'earned time credits' redeemable for 330 days off of his sentence, community corrections and supervised release." Pet. 2, ECF No. 1. As relief in his § 2241 petition, Francis asks the court to order BOP officials to "release him immediately based on the credit earned" and to apply any additional credit toward reduction of his supervised release. *Id.* at 10.

    The respondent has filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment, asserting that the § 2241 petition should be dismissed in part for lack of merit. The respondent attaches a declaration by Destiny Spearen, a paralegal who has access to and has reviewed records on Francis's incarceration in SENTRY, the BOP computer database that tracks BOP inmates' status, activities, and administrative remedies. Francis was notified of the opportunity to respond to the respondent's motion and the evidence attached to it. The time allotted for his response has passed, and he elected not to file a response. The motion is thus ripe for disposition.

II.

The FSA provides eligible inmates the opportunity to earn 10 to 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programs) and productive activities (PA). 18 U.S.C. § 3632(d)(4)(A). The earned credits, referred to as FTCs, can be applied toward earlier placement in prerelease custody, such as Residential Reentry Centers and home confinement, or toward a term of supervised release. *Id.* § 3632(d)(4)(C).

Title I of the FSA mandated the development and implementation of a risk and needs assessment system for people in federal custody. The result was the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) — a program designed to assess individuals' risk of engaging in crime once they are released from federal custody. An inmate's ability to benefit from FTCs is dependent on his PATTERN score. Inmates with any PATTERN score may *earn* FTCs, but only those inmates with low and minimum PATTERN scores can have the FTCs *applied* to their sentences. 28 C.F.R. § 523.42 (explaining how inmates earn FTCs); *id.* § 523.44 (limiting application of FTCs to eligible inmates who also have "demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment").

The respondent's evidence indicates that Francis' risk assessment, effective April 19, 2022, assigned him a "High Risk Recidivism Level." Resp.'s Mem. Supp. Ex. 1, Attach. B at 2, ECF No. 7-1. Because of this PATTERN score, Francis is ineligible at this time to apply any FTCs he has earned. Moreover, the BOP is currently calculating retroactive application of FTCs for inmates who are eligible to immediately apply the credit. Given the "High Risk Recidivism" score Francis received, the number of days of credit he has earned has not yet been calculated by BOP staff. Francis does not refute the accuracy of the respondent's evidence regarding his PATTERN score.

Given the undisputed evidence that Francis has a High Risk PATTERN score, he is ineligible to have any FTCs applied against his term of imprisonment or supervised release. Therefore, I conclude that his § 2241 claim seeking immediate application of the FTCs to permit his release or to reduce his term of supervised release is without merit.[2] Moreover, his request for release from custody appears to

---

[2] In the alternative, the respondent moves for dismissal of the § 2241 petition because Francis failed to exhaust administrative remedies before filing it. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished). The BOP administrative remedy program includes multiple stages of review, and the SENTRY system keeps track of remedies each inmate has filed, responses received, and appeals taken. According to the respondent's evidence, SENTRY has no record that Francis has properly filed and had recorded any administrative remedy form during his term of incarceration at USP Lee. In his petition, Francis states vaguely that he filed administrative remedies. He does not, however, offer any specific details about his supposed remedy filings — what remedy form he attempted to file, when and how he submitted it, what claim he raised, and why he did not investigate the lack of response. In short, although

be moot. BOP records online indicate that Francis was released from custody on May 10, 2023.

### III.

For the stated reasons, I will grant summary judgment to the respondent and dismiss the § 2241 petition with prejudice.

A separate Final Order will be entered herewith.

DATED: June 12, 2023

/s/ JAMES P. JONES
Senior United States District Judge

---

notified of his opportunity to refute the respondent's evidence, Francis has failed to do so. Because I find that the claim raised in the § 2241 is without merit, I will dismiss the petition on that basis rather than on the failure to exhaust.